## ABNER B. TOMLINSON *vs.* PETER V. DEGRAW.

1. In a suit under the lien law of 1853, brought against the builder and owner to recover a claim for materials or labor, and enforce the lien, a matter which merely affects the existence of the lien does not prevent a recovery from the builder, and cannot be pleaded in bar to the action. The pleas in bar must be the same as if the suit is brought to recover money on contract, without any averment of lien in the declaration.

2. If the owner wishes to contest the lien, he must plead, as prescribed by statute, that the house or land are not liable to the debt. The builder can only plead to the action; if the validity of the lien is contested, it must be by the owner.

3. If the defence that the suit is not brought against the builder and owner as the statute requires, is designed to be set up, it must be expressly averred in the plea, and not left to inference.

An action of *assumpsit* for lumber sold and delivered was brought in the Middlesex Circuit Court, by Abner B. Tomlinson against Peter V. Degraw, upon a lien under the lien law of 1853.

The declaration was against the defendant, as builder and owner, for lumber sold and delivered, and concluded with an averment, that the debt was a lien upon the building and lot of land whereon it was erected, by virtue of a lien filed pursuant to the statute, &c.

To this declaration the defendant pleaded—

1. The general issue.

2. That he had conveyed the premises on which the lien was claimed, and that the deed was recorded before the filing of the lien.

3. That the lien filed was not in due form of law, because the name of the owner of the premises was not mentioned in it.

The plaintiff added a *similiter* to the first plea, and filed a general demurrer to the second and third.

The judge of the Circuit Court certified the case to this court for their advisory opinion.

Tomlinson v. Degraw.

It was submitted on briefs to the CHIEF JUSTICE, and Justices OGDEN, HAINES, and RYERSON, at June Term, 1856, by *Hageman,* for the plaintiff, and *J. S. Green,* for the defendant.

The CHIEF JUSTICE delivered the opinion of the court.

To an action of *indebitatus assumpsit,* by a material man, for materials furnished in the erection of a building, brought against the owner and builder under the lien law of 1853, the defendant pleads in bar—

1st. That he conveyed the land and premises on which the lien is claimed to a third party, and that the deed was recorded in the clerk's office of the county of Middlesex, in which the premises were situate, before the lien was filed.

2d. That the lien filed was not in due form of law, specifying the particulars in which the lien is alleged to be defective.

To both pleas the plaintiff demurs. The question certified for the opinion of this court is whether the pleas are sufficient.

Both pleas are clearly defective. Where the claim is filed within the time prescribed by the act, the statute makes the debt a lien on the building and on the land whereon it stands. The lien attaches at the commencement of the building, or one year before the filing of the claim in the clerk's office. *Nixon's Dig.* 489, § 11. If the plea was designed to set up the defence, that the action was not commenced against the *owner* and builder as required by the statutes, that fact should have been expressly averred, and not left to inference.

But both pleas are illegal, upon another ground. The statute (section 9) prescribes the form of the declaration, and directs that the practice, proceedings, and pleadings thereon shall be conducted, and the judgment entered as in suits to recover money due on contract. The defendant may have any defence or plea to the action that might be

had by the builder to any action on the contract without the act. And, in addition, the owner may plead that the house or land is not liable to the debt; and in such case it is necessary for the plaintiff, to entitle him to judgment against the house and land, to prove that the provisions of the act requisite to constitute such lien have been complied with. Judgment may be rendered against the builder for the debt, and the real estate be discharged of the lien.

From this statement of the material provisions of the act, touching the proceedings in a suit against the builder and owner for the amount of the claim, and to enforce the lien, it is clear that no matter which merely affects the existence of the lien can be pleaded in bar of the action. The pleadings must be such only as would avail in an action brought to recover money due on contract. Neither a change of title nor a failure to file the claim in compliance with the law, however they might impair the validity of the lien, could in any way affect the plaintiff's right to recover the debt from the builder. They cannot, therefore, be pleaded in bar of the action.

If the owner of the land intends to question the validity of the lien, the plea prescribed by statute is, that the house or land are not liable to the debt, and it thereupon becomes necessary for the plaintiff, to entitle him to judgment against the real estate, to prove that the provisions of the act requisite to constitute such lien have been complied with. As now pleaded, the matter of defence which affects the lien only, if established by proof, will bar the action against the builder, whereas, if properly pleaded under the provisions of the statute, it would avoid the lien only, and the plaintiff, notwithstanding, would be entitled to judgment for his debt against the builder. The plea can avail the owner only, not the builder.

The demurrer to both pleas is well taken, and the Circuit Court should be advised accordingly.

CITED in *James R. Dey, In re,* 9 *Blatch.* 292.